MOORE *v.* CHESAPEAKE & OHIO RAILWAY CO.

No. 173. Argued January 10, 11, 1934.—Decided February 5, 1934.

*Mr. Edward Davidson,* with whom *Mr. John P. Bramhall* was on the brief, for petitioner.

*Mr. Albert H. Cole* for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioner brought this action in the District Court of the United States for the Northern District of Indiana, Fort Wayne Division, to recover for injuries which he sustained on November 29, 1930, in the course of his employment by respondent, an interstate carrier, in its yard

at Russell, Kentucky. In his complaint he set forth two "paragraphs" or counts, both being for the same injuries. In the first paragraph, petitioner alleged that at the time of the injuries he was employed in interstate commerce and that he brought the action under the Acts of Congress known as the Federal Employers' Liability Act [1] and the Safety Appliance Acts, [2] and the rules and orders which the Interstate Commerce Commission had promulgated under the latter. [3] In the second paragraph, he alleged that at the time of the injuries he was employed in intrastate commerce and he invoked the Safety Appliance Acts enacted by the Congress, and the rules and orders of the Interstate Commerce Commission thereunder, and the Employers' Liability Act of Kentucky. The provisions of the laws of Kentucky which were alleged to govern the rights of the parties at the time and place in question were set forth. [4] In each count petitioner stated that the injuries were received while he was engaged as a switchman in attempting to uncouple certain freight cars and were due to a defective uncoupling lever.

Objections to the jurisdiction of the District Court as to each count were raised by plea in abatement. They were overruled and petitioner had a general verdict. The judgment, entered accordingly, was reversed by the Circuit Court of Appeals upon the ground that the District Court was without jurisdiction to entertain the case upon

---

[1] Act of April 22, 1908, c. 149, 35 Stat. 65, 45 U.S.C. §§ 51 et seq.; Act of April 5, 1910, c. 143, 36 Stat. 291, 45 U.S.C. § 56.

[2] Acts of March 2, 1893, c. 196, 27 Stat. 531, 45 U.S.C. §§ 1 et seq.; April 1, 1896, c. 87, 29 Stat. 85, 45 U.S.C. § 6; March 2, 1903, c. 976, 32 Stat. 943, 45 U.S.C. §§ 8, 9, 10; April 14, 1910, c. 160, 36 Stat. 298, 45 U.S.C. §§ 11 et seq.

[3] Order of March 13, 1911; Roberts' Federal Liabilities of Carriers, Vol. 2, pp. 2010, 2016.

[4] Ky. Acts, 1918, c. 52, §§ 1–3, p. 153; Carroll's Ky. Statutes, §§ 820 b–1, 820 b–2, 820 b–3.

either count. 64 F. (2d) 472. This Court granted certiorari.

Distinct questions are presented with respect to each count and they will be considered separately.

*First.* By the first paragraph, the jurisdiction of the Federal court was rested upon the sole ground that the injury had been sustained during petitioner's employment in interstate commerce and that the cause of action arose under the pertinent Federal legislation. To support the jurisdiction of the District Court for the Northern District of Indiana, the complaint alleged that respondent was engaged in business in that district at the time of the commencement of the action. Respondent's challenge to the jurisdiction was upon the grounds (1) that at the time of the injuries petitioner was not employed in interstate commerce and hence the action would not lie under the Federal Employers' Liability Act, and (2) that respondent was a corporation organized under the laws of Virginia and an inhabitant of the Eastern District of Virginia, and hence, so far as the action rested upon the Safety Appliance Acts of Congress, and the rules and orders of the Interstate Commerce Commission, it could not be brought in a Federal court in any district other than the Eastern District of Virginia. Jud. Code, § 51; 28 U.S.C. § 112.

Petitioner's demurrer to the plea in abatement as to the first cause of action was sustained by the trial court. That court pointed out that the plea did not deny that respondent was doing business within the Northern District of Indiana and that the pleading, in substance, went to the merits. The Circuit Court of Appeals took a different view, holding that so far as petitioner relied upon a violation of the Safety Appliance Acts, the action must be brought in the district of respondent's residence. In reversing the judgment, the Circuit Court of Appeals re-

manded the cause with instructions to grant permission to petitioner to amend his first paragraph to conform exclusively to the theory of a violation of the Federal Employers' Liability Act.

This ruling of the appellate court cannot be sustained. The jurisdiction of the District Court is to be determined by the allegations of the complaint. *Mosher* v. *Phoenix,* 287 U.S. 29, 30; *Levering & Garrigues Co.* v. *Morrin,* 289 U.S. 103, 105. These allegations clearly set forth, in the first paragraph, a cause of action under the Federal Employers' Liability Act. Every essential ingredient of such a cause of action was appropriately alleged. The Federal Employers' Liability Act expressly recognized that in an action brought under its provisions the question of a violation of the Safety Appliance Acts might be presented and determined. This is the unmistakable effect of the provisions that, in such an action, the employee shall not be held " to have been guilty of contributory negligence," or " to have assumed the risks of his employment " in any case " where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." Act of April 22, 1908, §§ 3, 4, 45 U.S.C. §§ 53, 54. By the phrase " any statute enacted for the safety of employees " the Congress evidently intended to embrace its Safety Appliance Acts. *Seaboard Air Line Ry.* v. *Horton,* 233 U.S. 492, 503. This Court has said that the statutes are *in pari materia* and that " where the Employers' Liability Act refers to ' any defect or insufficiency, *due to its negligence,* in its cars, engines, appliances,' etc., it clearly is the legislative intent to treat a violation of the Safety Appliance Act as ' negligence '—what is sometimes called negligence *per se."* *San Antonio & Aransas Pass Ry. Co.* v. *Wagner,* 241 U.S. 476, 484. Where an employee of an interstate carrier sustains injuries while employed in the interstate commerce of the carrier, his action

may thus be brought under the Federal Employers' Liability Act in connection with the Safety Appliance Acts.[5]

Under the Federal Employers' Liability Act an action may be brought " in a District Court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. It follows that, upon the allegations of the complaint, the action on the claim set forth in the first paragraph was properly brought in the District Court for the Northern District of Indiana where respondent was doing business when the action was begun.

*Second.* In the second paragraph of the complaint, which treated the injuries as received in intrastate commerce, diversity of citizenship was alleged; that petitioner was a citizen of Indiana, and a resident of the city of Fort Wayne in that State, and that respondent was a citizen of Virginia doing business in Indiana. The plea in abatement, admitting respondent's citizenship in Virginia, denied that petitioner was a resident of Fort Wayne or of the Northern District of Indiana, or was a citizen of that State, and alleged that as the cause of action set forth in the second paragraph arose under the Federal Safety Appliance Acts, the action could not be brought

---

[5] See *Southern Ry. Co.* v. *Crockett,* 234 U.S. 725, 727; *St. Louis & San Francisco R. Co.* v. *Conarty,* 238 U.S. 243, 248; *Great Northern Ry. Co.* v. *Otos,* 239 U.S. 349, 350; *San Antonio & Aransas Pass Ry. Co.* v. *Wagner,* 241 U.S. 476, 484; *Spokane & I. E. R. Co.* v. *Campbell,* 241 U.S. 497, 498; *Atlantic City R. Co.* v. *Parker,* 242 U.S. 56, 58; *St. Joseph & G. I. Ry. Co.* v. *Moore,* 243 U.S. 311, 312; *Minneapolis & St. Louis R. Co.* v. *Gotschall,* 244 U.S. 66; *Great Northern Ry. Co.* v. *Donaldson,* 246 U.S. 121, 124; *Davis* v. *Wolfe,* 263 U.S. 239, 240; *Baltimore & Ohio R. Co.* v. *Groeger,* 266 U.S. 521, 528; *Chicago Great Western R. Co.* v. *Schendel,* 267 U.S. 287, 289; *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Goneau,* 269 U.S. 406, 407.

in any district other than the Eastern District of Virginia. The District Court took evidence on the issue of fact, found that the petitioner was a citizen of Indiana and a resident of Fort Wayne, and overruled the plea. The Circuit Court of Appeals held that the District Court of the Northern District of Indiana was without jurisdiction, in the view that the second count attempted to set forth a cause of action " under the Federal Safety Appliance Act as well as under the statutes of Kentucky " and hence that jurisdiction did not rest solely on diversity of citizenship. Jud. Code, § 51, 28 U.S.C. § 112. In remanding the cause, the Circuit Court of Appeals directed that petitioner be allowed to amend the second paragraph of his complaint so as to conform exclusively to the theory of a violation of the Kentucky statute.

While invoking, in the second count, the Safety Appliance Acts, petitioner fully set forth and relied upon the laws of the State of Kentucky where the cause of action arose. In relation to injuries received in that State in intrastate commerce, aside from the particular bearing of the Federal Safety Appliance Acts, the liability of respondent was determined by the laws of Kentucky. *Slater* v. *Mexican National R. Co.*, 194 U.S. 120, 126; *Cuba R. Co.* v. *Crosby*, 222 U.S. 473, 478; *Young* v. *Masci*, 289 U.S. 253, 258; *Ormsby* v. *Chase*, 290 U.S. 387. The statute of Kentucky, in prescribing the liability of common carriers for negligence causing injuries to employees while engaged in intrastate commerce, reproduced in substance, and with almost literal exactness, the corresponding provisions of the Federal Employers' Liability Act as to injuries received in interstate commerce. Ky. Acts, 1918, c. 52, §§ 1–3, p. 153; Carroll's Ky. Statutes, 1930, §§ 820 b–1, 820 b–2, 820 b–3. The Kentucky Act provided that no employee should be held " to have been guilty of contributory negligence " or " to have assumed the risk of his employment " in any case " where the violation by

such common carrier of any statute, state or federal, enacted for the safety of employees contributed to the injury or death of such employee." *Id.* The Kentucky legislature read into its statute the provisions of statutes both state and federal which were enacted for the safety of employees, and the Federal Safety Appliance Acts were manifestly embraced in this description. *Louisville & Nashville R. Co.* v. *Layton,* 243 U.S. 617, 619. Thus, the second count of the complaint, in invoking the Federal Safety Appliance Acts, while declaring on the Kentucky Employers' Liability Act, cannot be regarded as setting up a claim which lay outside the purview of the state statute. As in the analogous case under the Federal Employers' Liability Act, a violation of the acts for the safety of employees was to constitute negligence *per se* in applying the state statute and was to furnish the ground for precluding the defense of contributory negligence as well as that of assumption of risk.

The Circuit Court of Appeals took the view that if it were assumed that the second count was based exclusively upon the Kentucky statute, that statute and the federal requirements could not be considered as being *in pari materia* because the latter applied only to interstate commerce, and that, if the petitioner were permitted to establish the negligence required by the state statute by showing the violation of the federal requirements the court would thereby be placed " in the anomalous position of extending the benefits of the Safety Appliance Act to intrastate commerce."

This is an erroneous view. The original Safety Appliance Act of March 2, 1893, 27 Stat. 531, did not embrace all cars on the lines of interstate carriers but only those engaged in interstate commerce. *Brinkmeier* v. *Missouri Pacific Ry. Co.,* 224 U.S. 268. By the amending Act of March 2, 1903, 32 Stat. 943, the scope of the statute was enlarged so as to include all cars " used on any railroad

engaged in interstate commerce." The statute as amended was intended to embrace all locomotives, cars, and similar vehicles used on any railroad which is a highway of interstate commerce. *Southern Ry. Co.* v. *United States,* 222 U.S. 20. With respect to such vehicles, the duty to protect employees by the prescribed safety appliances exists even though the vehicles and the employee injured through the failure to provide such protection are at the time engaged in intrastate commerce. *Texas & Pacific Ry. Co.* v. *Rigsby,* 241 U.S. 33; *Louisville & Nashville R. Co.* v. *Layton, supra.* The Federal Act in its application to such a case is thus *in pari materia* with the statute of Kentucky which prescribes the liability of carriers for injuries to employees while employed in intrastate commerce and which, in effect, reads into the provisions of the statute the requirements of the Federal Act for the safety of employees. There apears to be no anomaly in enforcing the state law with this defined content.

The Federal Safety Appliance Acts prescribed duties, and injured employees are entitled to recover for injuries sustained through the breach of these duties. *Johnson* v. *Southern Pacific Co.,* 196 U.S. 1; *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 210 U.S. 281; *Texas & Pacific Ry. Co.* v. *Rigsby, supra.* Questions arising in actions in state courts to recover for injuries sustained by employees in intrastate commerce and relating to the scope or construction of the Federal Safety Appliance Acts are, of course, federal questions which may appropriately be reviewed in this Court. *St. Louis, I. M. & S. Ry. Co.* v. *Taylor, supra; Louisville & Nashville R. Co.* v. *Layton, supra.* But it does not follow that a suit brought under the state statute which defines liability to employees who are injured while engaged in intrastate commerce, and brings within the purview of the statute a breach of the duty imposed by the federal statute, should be regarded as a suit arising under the laws of the United States and cognizable in the

federal court in the absence of diversity of citizenship. The Federal Safety Appliance Acts, while prescribing absolute duties, and thus creating correlative rights in favor of injured employees, did not attempt to lay down rules governing actions for enforcing these rights. The original Act of 1893 made no provision for suits, except for penalties. That Act did impliedly recognize the employee's right of action by providing in § 8 that he should not be deemed to have assumed the risk of injury occasioned by the breach of duty. But the Act made no provision as to the place of suit or the time within which it should be brought, or as to the right to recover, or as to those who should be the beneficiaries of recovery, in case of the death of the employee. While dealing with assumption of risk, the statute did not affect the defense of contributory negligence and hence that defense was still available according to the applicable state law. *Schlemmer* v. *Buffalo, R. & P. Ry. Co.*, 220 U.S. 590; *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Popplar*, 237 U.S. 369, 371, 372. In these respects the amended Act of 1903 made no change, notwithstanding the enlargement of the scope of the statutory requirements. The Act of 1910, by a proviso in § 4 relating to penalties (36 Stat. 299), provided that nothing in that section should " be construed to relieve such carrier from liability in any remedial action for the death or injury of any railroad employee " caused by the use of the prohibited equipment.

The Safety Appliance Acts having prescribed the duty in this fashion, the right to recover damages sustained by the injured employee through the breach of duty sprang from the principle of the common law (*Texas & Pacific R. Co.* v. *Rigsby, supra*, at pp. 39, 40 [6]) and was left to be enforced accordingly, or, in case of the death of

---

[6] In *Texas & Pacific R. Co.* v. *Rigsby*, 241 U.S. 33, the action was brought in the state court and was removed to the federal court upon the ground that the defendant was a federal corporation.

the injured employee, according to the applicable statute.[7]
*St. Louis, I. M. & S. Ry. Co.* v. *Taylor, supra,* at p. 285;
*Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Popplar, supra.*
When the Federal Employers' Liability Act was enacted,
it drew to itself the right of action for injuries or death
of the employees within its purview who were engaged in
interstate commerce, including those cases in which in-
juries were due to a violation of the Safety Appliance
Acts. Such an action must be brought as prescribed in
the Federal Employers' Liability Act, and if brought in
the state court, it cannot be removed to the federal court,
although violation of the Safety Appliance Acts is in-
volved. See *St. Joseph & G. I. Ry. Co.* v. *Moore,* 243
U.S. 311. With respect to injuries sustained in intrastate
commerce, nothing in the Safety Appliance Acts pre-
cluded the State from incorporating in its legislation ap-
plicable to local transportation the paramount duty which
the Safety Appliance Acts imposed as to the equipment of
cars used on interstate railroads. As this Court said in
*Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Popplar, supra,*
as to an action for injuries sustained in intrastate com-
merce: " The action fell within the familiar category of
cases involving the duty of a master to his servant. This
duty is defined by the common law, except as it may be
modified by legislation. The federal statute, in the pres-
ent case, touched the duty of the master at a single point
and, save as provided in the statute, the right of the

---

[7] In *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 210 U.S. 281, 285, the
Court said: " The accident by which the plaintiff's intestate lost his
life occurred in the Indian Territory, where, contrary to the doctrine
of the common law, a right of action for death exists. The cause of
action arose under the laws of the Territory, and was enforced in the
courts of Arkansas." The question whether the action was triable in
those courts was held not to present a federal question, but the ques-
tion as to the interpretation of the Safety Appliance Act of 1893 did
present the federal question which was reviewed by this Court.

plaintiff to recover was left to be determined by the law of the State."

We are of the opinion that the second paragraph of the complaint set forth a cause of action under the Kentucky statute and, as to this cause of action, the suit is not to be regarded as one arising under the laws of the United States. In view of the diversity of citizenship and the residence of petitioner, the District Court of the Northern District of Indiana had jurisdiction.

As the Circuit Court of Appeals did not consider any questions save those relating to the jurisdiction of the District Court, the judgment of the Circuit Court of Appeals will be reversed and the cause remanded to that court with directions to consider such other questions as may be presented by the appeal.

*Reversed.*