GERAGHTY v. LEHIGH VALLEY R. CO.

No. 5086.

District Court, E. D. New York.

June 26, 1935.

Thomas J. O'Neill, of New York City (Thomas J. O'Neill and John V. Higgins, both of New York City, of counsel), for plaintiff.

Alexander & Green, of New York City (H. S. Ogden, of New York City, of counsel), for defendant.

BYERS, District Judge.

A motion to dismiss at the close of the entire case was made, and decision was reserved upon consent of the parties, pending which the case was submitted to the jury; a verdict for plaintiff in the sum of $25,000 was returned.

The facts involved are stated in the opinion of the Circuit Court of Appeals reported in 70 F.(2d) 300, reversing an earlier judgment had by the plaintiff, that court holding (one judge dissenting) that, under the evidence, the plaintiff's decedent was not engaged in interstate commerce.

The evidence on this subject and generally at the second trial was substantially the same as at the first, and accordingly the jury was instructed that the law on this aspect of the case had been settled and that no recovery could be had by the plaintiff, unless it had been made to appear that the defendant was negligent in that it had violated the provisions of the Safety Appliance Acts (45 USCA § 1 et seq.).

The motion to dismiss is based upon the theory that there is no separate cause of action enforceable in this court, arising from that aspect of the case alone, and the

defendant relies upon Gilvary v. Cuyahoga Valley Ry., 292 U. S. 57, 54 S. Ct. 573, 574, 78 L. Ed. 1123. That case was decided two weeks before the date of the opinion of reversal in this case, and doubtless was within the contemplation of the court when the new trial herein was ordered.

For convenience on review, it may be appropriate to state the issues made by the pleadings:

The complaint alleges that the plaintiff's testator was injured (and died later as the result) while in the defendant's employ at Perth Amboy, N. J., and that he and the defendant were then and there engaged in interstate commerce. That the action is brought "under the Statutes passed by the Congress of the United States." The circumstances of the injury are briefly set forth.

The answer denies the material allegations of the complaint, and pleads separately negligence and carelessness, assumption of risk, and contributory negligence.

Upon these pleadings, the first trial was had.

Following the said reversal, the plaintiff applied on motion for leave to serve an amended and supplemental complaint in which she pleaded her residence in New Jersey and the defendant's incorporation in Pennsylvania, thereby showing diversity of citizenship. The motion was granted. That was the only material change in the plaintiff's pleading.

The defendant then made answer, alleging that this court has no jurisdiction of the cause, because of the absence of interstate commerce as stated, since the plaintiff does not reside in this district, and the defendant is not an inhabitant thereof; that by reason of the foregoing the defendant should be permitted to withdraw its general appearance; the material allegations of the complaint are denied; it is alleged that the plaintiff's testator was subject to a contract of employment at the time of his injuries, which was made in New Jersey, and that he was then engaged in work which was not interstate commerce, and that the Workmen's Compensation Law of New Jersey (Comp. St. Supp. N. J. 1924, p. 3868 et seq., § **236—1 et seq., as amended), furnishes the plaintiff's sole remedy, (a) because neither party to that contract gave notice under that statute to the contrary, and (b) because the plaintiff has filed a claim thereunder, subject to determination (in this lawsuit) of the question of interstate commerce. Also the carelessness and negligence of the decedent, assumption of risk, and contributory negligence are separately pleaded.

Thus it will be seen that plaintiff newly asserts diversity of citizenship to support recovery as for a breach of the Safety Appliance Acts (45 USCA § 1 et seq.), and the defendant pleads lack of jurisdiction, and that the New Jersey Workmen's Compensation law governs, by act of the parties, to meet the plaintiff's cause as now pleaded.

The Gilvary v. Cuyahoga Valley Ry. Case, supra, decided that an agreement between a resident of Ohio and a railroad wholly within that state (which was engaged in intrastate and interstate commerce) was not repugnant to the Safety Appliance Acts and must be given effect. The agreement was that both parties to the employment elected that the rights and responsibilities resulting from an injury sustained by the employee while engaged in intrastate commerce should be governed by the provisions of the Ohio Workmen's Compensation Law.

The injury which gave rise to the litigation was of such a nature, which rendered the Federal Employers' Liability Act (45 USCA § 51 et seq.) inapplicable. In discussing the nature of the employee's cause of action, a violation of the Safety Appliance Acts being shown, the court said:

"A violation of the acts is a breach of duty owed to an employee, whether he is at the time engaged in interstate or in intrastate commerce. And by abolishing assumption of risk the acts impliedly recognize the right to recover for injuries resulting therefrom. But the absence of a declaration similar to that in the Federal Employers' Liability Act (45 USCA §§ 51–59), which denounces contracts and other arrangements made for the purpose of exempting carriers from liability created by that act (45 U. S. C. § 55 [45 USCA § 55]), strongly suggests a lack of legislative purpose to create any cause of action therefor. Moreover, if there had been such purpose, Congress probably would have included provisions in respect of venue, jurisdiction of courts, limitations, measure of damages, and beneficiaries in case of death. * * *

"These acts do not create, prescribe the measure, or govern the enforcement of, the liability arising from the breach. They do

not extend to the field occupied by the State Compensation Act. There is nothing in the agreement repugnant to them.

"Affirmed."

The foregoing unmistakably seems to mean that there was no cause of action under federal statutes, flowing from the circumstances related, and the language quoted reflects the reasoning which leads to that conclusion.

In this case, the facts are that an injury was sustained, resulting in death, by an employee of a railroad, while engaged in intrastate commerce, in consequence of a violation of the Safety Appliance Acts.

That violation is to be visited upon the employer whether or not the cars involved were themselves vehicles of interstate commerce, according to the authorities cited in the opinion for reversal.

The cause of action under the rule of decision in the Gilvary Case, supra, would seem to be governed by the "applicable statute" (Moore v. Chesapeake & Ohio Ry. Co., 291 U. S. 205, 54 S. Ct. 402, 78 L. Ed. 755), namely, the law of New Jersey, and the motion would be granted if this court were free so to decide.

It is thought that the District Court is constrained to deny the motion, however, in deference to the Circuit Court of Appeals, for the following reasons:

A new trial was ordered by the appellate court, thereby affording to the plaintiff another opportunity to bring forward all available evidence on the interstate aspect of the case. Whether the reviewing court was apprised that everything bearing upon that subject had been proved in the first trial is, of course, not presently ascertainable.

The opinion for reversal discusses with particularity and citation of authority the plaintiff's right to recover solely upon the Safety Appliance Acts aspect of the case, and the views so expounded were subsequent, in point of time, to the publication of the opinion in the Gilvary Case. The filed papers disclose that the latter decision was the basis of a defendant's motion—subsequent to the decision for reversal—in the Circuit Court of Appeals, for leave to withdraw the general appearance, by reason of the lack of any plaintiff's cause under federal statutes, and that motion was denied.

These considerations point to the possible holding of views by the senior court, concerning the plaintiff's right to recover under the Safety Appliance Acts, which it would be unseemly for the District Court to ignore, which it would have to do if the motion were to be granted. This means that the motion must be denied, with exception to the defendant, and it is so ordered.

Settle order.