**The GUARDIANSHIP OF Damon Patrick PRIETO et al., Plaintiffs,**

v.

**CITY OF PALM SPRINGS, a Municipal Corporation, Defendant.**

No. 70-39.

United States District Court, C. D. California.

June 28, 1971.

Raymond C. Simpson, Long Beach, Cal., for plaintiffs.

Fred Metheney, City Atty., Palm Springs, Cal., for defendant.

## MEMORANDUM ORDER

REAL, District Judge.

This action is brought by Dora Joyce Prieto and Frank Prieto as guardians of Damon Patrick Prieto claiming damages against defendant for illegal interference with a reasonable expectancy. Plaintiff Damon Patrick Prieto is a minor child who is duly enrolled as member of the Agua Caliente Band of Mission Indians. Pursuant to the Mission Indian Relief Act of January 12, 1891, 26 Stat. 712, and amendments thereto, plaintiff received an allotment of land from the Agua Caliente Reservation, geographically located within the boundaries of the City of Palm Springs.

Before April 30, 1938, the date of incorporation of the City of Palm Springs (hereafter "the City"), the United

States of America was holding title to certain lands as trustee for the exclusive use and benefit of the Agua Caliente Band of Mission Indians. Some of these lands and particularly the land in issue in this litigation are situated within geographical boundaries of the City. There is no record that the United States or any Tribal consent was ever obtained to the inclusion of these lands in the City.

Ownership of the 25-acre parcel here in question arises as a result of an exchange of plaintiff's originally allotted property with the City in settlement of a condemnation proceeding brought by the City pursuant to Title 25, United States Code, Section 357. The property is now held by the United States as trustee for the exclusive use and benefit of plaintiff.

The City has had a zoning ordinance regulating land use since the early days of its incorporation. In 1961 the City proposed a comprehensive zoning ordinance which included zoning of all Indian trust lands geographically embraced within the City. This precipitated the filing of an action for declaratory relief in this Court entitled Agua Caliente Band of Mission Indians v. City of Palm Springs, No. 65–564–MC. This action was compromised by a stipulated judgment signed July 27, 1966, incorporating the provisions of 25 C.F.R. § 1.4 (30 F. R. 7520) and 30 F.R. 8172 limiting the zoning power of the City over Indian lands.

Since June 9, 1965 plaintiff's land has been shown in the City's comprehensive zoning ordinance and maps as "R–4—Large Scale Hotel and Apartment House Zone."

Plaintiff commenced negotiations for a lease of this land in March, 1969 with Joan Meyers for the development of a discount store. Since this use was not permitted upon the City's zoning of plaintiff's property, the lease was made contingent upon zoning compatible to the contemplated operation of a discount store.

Plaintiff on April 29, 1969 made application for a change of zoning classification from R–4 to "C–2—General Commercial Zone", one of the zoning classifications under the City's zoning ordinance which would permit the discount store operation. After hearings, the City's Planning Commission and City Council denied the requested zone change.

During the hearings it was suggested that the City's council might act favorably to a request for conditional use as "C–D–N—Designed Neighborhood Shopping Center Zone". This conditional use would permit the anticipated use of plaintiff's property for a discount store.

Plaintiff then filed an application for a Conditional Use Permit to construct a ten-acre shopping center. Before any hearings could be held on this application, plaintiff withdrew it from consideration. Plaintiff did not thereafter pursue this application nor make application for a "P–D—Planned Development District", another zoning ordinance classification permitting plaintiff's proposed discount store development.

Plaintiff's proposed lease with Joan Meyer had not, during the pendency of the application for zone change, or prior to the termination of the proposed plans, been acted upon by the Secretary of Interior.

## JURISDICTION OF THE COURT

■ No independent Federal jurisdiction exists for the maintenance of an action for interference with a reasonable expectancy. Plaintiff invokes the jurisdiction of this Court, pursuant to Title 25, United States Code, Section 349,[1] Ti-

---

1. Title 25, United States Code, Section 349 provides in its pertinent part:

 "§ 349. Patents in fee to allottees.
 * * * *Provided further, That until* the issuance of fee-simple patents all allottees to whom trust patents shall be issued shall be subject to the exclusive jurisdiction of the United States:
 * * *."

718

tle 28, United States Code, Section 1360,[2] and Title 28, United States Code, Section 1331.[3]

Reviewing these statutory grants of jurisdiction to the Federal courts, there appears to be a conflict of the grant arising from the status of Indian litigation created by 25 U.S.C. § 349 and exclusivity of the jurisdiction stated therein and the grant to State courts of jurisdiction over civil actions provided in 28 U.S.C. § 1360.

 25 U.S.C. § 349 is no authority for this suit being brought to the Federal court. Section 349 is part of the scheme of allotments of Indian lands and title affecting these allotments. It is not a general grant of jurisdiction for all acts by or against an Indian allottee. See United States v. Preston, 352 F.2d 352 (9th Cir.1965).

28 U.S.C. § 1360 rather than being a grant of jurisdiction to the Federal courts is in fact a grant of jurisdiction to the State courts "over civil causes of action between Indians or to which Indians are parties."

Nor can plaintiff bootstrap himself on the Federal question jurisdiction permitted in 28 U.S.C. § 1331. The gravamen of plaintiff's claim is the interference with a reasonable expectancy. Plaintiff's claim is created by State not Federal law. Although the status of the City's zoning ordinance as it affects plaintiff's property may require some interpretation of the grants of jurisdiction in Federal statutes, State courts are totally competent to make those interpretations. They are not precluded from doing so by any grant of exclusive jurisdiction in Indian matters to the Federal courts. Deere v. St. Lawrence River Power Co. et al., 32 F.2d 550 (2d Cir. 1929). See also Moore v. Chesapeake & Ohio Railway Company, (1934) 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755.

Since there is no jurisdictional basis upon which this Court can proceed further, consideration of the matter upon its merits is precluded.

The complaint is dismissed.

2. Title 28, United States Code, Section 1360 provides in its pertinent part:
   "§ 1360. State civil jurisdiction in actions to which Indians are parties.
   (a) Each of the States or Territories listed in the following table shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State or Territory to the same extent that such State or Territory has jurisdiction over other civil causes of action * * *:
   * * * * *

   California . . . All Indian country within the State.
   * * * "

3. Title 28, United States Code, Section 1331 provides in its pertinent part:
   "1331. Federal question; amount in controversy; costs.
   (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."