Mary MASTERS, Plaintiff–Appellant,

v.

SULZER CALCITEK, INC; et al., Defendants–Appellees.

No. 00–55904.

D.C. No. CV–99–02215–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Mary Masters appeals pro se the district court's dismissal of her personal injury complaint for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Subject matter jurisdiction is a question of law reviewed de novo. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

None of the causes of action in Masters' complaint is either "created by federal law" or involves a "substantial, disputed question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). While Masters alleges violations of the Medical Device Amendments in her complaint, that statute does not create a private right of action. *See Medtronic Inc. v. Lohr*, 518 U.S. 470, 487, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996). When Congress creates no private right of action under a statute, "the presence of a claimed violation of the statute is insufficiently 'substantial' to confer federal question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Masters' reliance on federal law to provide the standard of duty in her state law claims is also insufficient to support federal question jurisdiction. *See Moore v. Chesapeake & O. Ry. Co.*, 291 U.S. 205, 214–215, 54 S.Ct. 402, 78 L.Ed. 755 (1934).

All pending motions are denied as moot.

AFFIRMED.