The SKYDIVE FACTORY, INC., Plaintiff

v.

MAINE AVIATION CORPORATION, et al., Defendants

No. CIV.03–75–P–H.

United States District Court, D. Maine.

June 25, 2003.

Joseph J. Hahn, Kate S. Debevoise, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Skydive Factory, plaintiff.

John C. Wyman, Murtha Cullina Roche Carens & Degiacomo, Boston, Ma, Martha C. Gaythwaite, Heidi A. Bean, Friedman, Gaythwaite, Wolf & Leavitt, Portland, ME, for Maine Aviation Corporation, Maine Aviation Aircraft Maintenance LLC, Travis Caruso, defendants.

## ORDER ON PLAINTIFF'S MOTION TO REMAND

HORNBY, District Judge.

This is a lawsuit for property damage to the plaintiff's airplane. Upon landing, the airplane suffered damage, allegedly caused by the defendants' improper inspection and maintenance of the airplane. The plaintiff filed its lawsuit in state court, seeking damages in two state-law counts: breach of contract and negligence. The defendants removed the lawsuit to federal court on federal question grounds, 28 U.S.C. § 1331. The defendants assert that the Federal Aviation Act completely preempts any state-law cause of action for inspection and maintenance. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (if federal statute "completely preempts," complaint is presumed to allege a federal claim). The plaintiff has moved to remand the case back to state court. After oral argument held June 23, 2003, I GRANT the motion to remand for lack of a federal question.

The defendants point out that under the Federal Aviation Act of 1958, as amended, "[t]he United States Government has exclusive sovereignty of airspace of the United States." 49 U.S.C. § 40103(a)(1). The Administrator of the Federal Aviation Administration ("FAA") is directed to prescribe air traffic regulations for safety and efficiency, *id.* § 40103(b), and is given the authority to prescribe regulations, standards and procedures. *Id.* § 40113(a). The FAA has promulgated regulations that deal with aircraft maintenance and inspection, 14 C.F.R. pt. 43, prescribing the qualifications for who can do them and how they are to be done. *Id.* § 43.13. According to the defendants, these statutory and regulatory provisions cover the field and completely preempt any state law on how the inspection and repair of the plaintiff's airplane should be conducted.

■ The breach of contract claim, however, is not preempted. In *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 229, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) (citations omitted), Justice Ginsburg wrote for the majority that terms and conditions of contracts are privately ordered obligations " 'and thus do not amount to a State's 'enact[ment] or enforce[ment] [of] any law, rule, regulation, standard, or other provision having the force and effect of law' within the meaning of [FAA][§ ] 1305(a)(1).' "

I conclude that the plaintiff's contract claim does not present a federal question and does not support removal.

The tort claim for negligence is less clear. The parties agree that federal aviation law creates no express preemption, and that the question is whether there is "field preemption." Most of the cases discuss personal injuries, not property damage, but I see no reason to distinguish between them. In *Wolens,* the Supreme Court observed that in that case, neither the defendant airline nor the United States as amicus argued that negligence claims for safety-related personal injury should be considered preempted. 513 U.S. at 231 n. 7, 115 S.Ct. 817. Justices Stevens and O'Connor, in dissent, were more explicit on the point. *See id.* at 235, 115 S.Ct. 817 (Stevens, J.). Justice O'Connor observed that many personal injury claims have been held not preempted because they do not " 'relate' to airline 'services,' much as we suggested in *Morales* that state laws against gambling and prostitution would be too tenuously related to airline services to be preempted." *Id.* at 242, 115 S.Ct. 817.[1] In addition, four circuits have ruled

1. I recognize that the defendants attempt to distinguish these cases as dealing with the

that safety-related claims for personal injury are not preempted. *Charas v. Trans World Airlines, Inc.,* 160 F.3d 1259, 1261 (9th Cir.1998) (en banc) ("Congress did not intend to preempt passengers' run-of-the-mill personal injury claims."); *Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 336 (5th Cir.1995) (en banc) (stating in dictum that property damage lawsuits caused by operation and maintenance of aircraft also are not preempted); *Public Health Trust v. Lake Aircraft, Inc.,* 992 F.2d 291, 295 (11th Cir.1993) (concluding personal injury design defect claims are not preempted); *Cleveland v. Piper Aircraft Corp.,* 985 F.2d 1438, 1447 (10th Cir.1993) (same for negligent design); *see also* Christopher S. Morin, Flying the Not–So–Friendly Skies: Charas v. TWA's Definition of "Service" Under the ADA's Preemption Clause Exposes Airlines to Tort Liability, 65 J. Air L. & Com. 497 (2000). Of course, if there is no complete preemption, the plaintiff's complaint states a state-law cause of action under the well-pleaded complaint rule, and is not subject to removal to federal court on federal question grounds.

Most recently, the Third Circuit has come up with a different analysis: the federal standard of conduct preempts state law, but the federal statute does not create a private remedy, and it does not preempt state-law private remedies premised on the federal standard. *Abdullah v. Am. Airlines, Inc.,* 181 F.3d 363 (3d Cir.1999); *see also Bieneman v. City of Chicago,* 864 F.2d 463, 471 (7th Cir.1988) ("The Federal Aviation Act does not expressly preempt state damages remedies.... Statutes of this sort save common law remedies even when federal law exclusively determines the content of substantive rules.... State courts award damages every day in air crash cases, nothwithstanding that federal law preempts the regulation of safety in air travel."). If the substantive performance standard is declared federal whereas the damage remedy is state law, I would still have to remand. In *Almond v. Capital Properties, Inc.,* the First Circuit interpreted Supreme Court precedent as recognizing no federal claim "where a state tort claim merely incorporated a federal fault standard." 212 F.3d 20, 24 (1st Cir. 2000) (citing *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), and *Moore v. Chesapeake & O. Ry. Co.,* 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934)).

The defendants' main argument in favor of complete preemption, and thus federal question jurisdiction, comes from *French v. Pan Am Express, Inc.,* 869 F.2d 1 (1st Cir.1989). *French* is a First Circuit case that raised the question whether federal or state law governs the qualifications of airline pilots. The airline had terminated a pilot for refusing a drug test after being accused of using drugs. The pilot argued that he was entitled to refuse the drug test under Rhode Island law. The First Circuit ruled that the Federal Aviation Act, as amended, preempted the field. In doing so, the First Circuit found no guidance in the Airline Deregulation Act's preemption provision (other circuits have found that its explicit prohibition on states enacting or enforcing laws relating to "rates, routes, or services" suggests no preemption on safety grounds). Instead, the court stated that "[i]t is hard to imagine an area of regula-

language and effect of the Airline Deregulation Act of 1978 and its preemption language. The defendants assert that they are not relying on that amendment to the Federal Aviation Act and that their arguments are independent of it. Nevertheless, I find the statements in the Supreme Court decisions and the reasoning of the Circuit courts instructive on whether Congress intended to displace state tort claims for property damage.

tion that is more closely related to air safety than pilot qualification," *id.* at 5, examined the authority given the Secretary of Transportation for prescribing rules for pilot qualification in the interests of air safety, and concluded that "[t]he intricate web of statutory provisions affords no room for the imposition of state-law criteria vis-à-vis pilot suitability." *Id.* at 4. This was confirmed by the regulations themselves, the legislative history and the caselaw: "Given this statutory and regulatory mosaic, there can be scant doubt but that Congress intended fully to occupy the relevant field." *Id.* at 5. Now if safety is the only touchstone, surely the issue of airplane maintenance standards is a strong competitor to pilot suitability for this type of analysis. As with pilot qualifications, the FAA Administrator has the authority and has devoted substantial regulatory attention to maintenance, preventive maintenance, rebuilding and alteration. 14 C.F.R. pt. 43. There are rules for recordkeeping, qualifying as a mechanic, use of parts and, specifically, performance standards. *See, e.g., id.* § 43.13. *French*'s concern for uniformity as an important reason for preemption in the area of pilot qualification also can easily be extended to inspecting and maintaining airplanes in flight.

■ So should I read *French*, a pilot employment case, as calling for complete preemption of state tort law for negligent maintenance and inspection? I conclude that the answer is *no.* The original savings clause of the Federal Aviation Act provided: "Nothing in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Chapter are in addition to such remedies." 49 U.S.C.App. § 1506 (recodified at 49 U.S.C. § 40120(c)). Under it, the consensus was that state tort lawsuits for damages for both personal injury and property damage were preserved. The Airline Deregulation Act of 1978 added express preemption language: "[N]o State or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes or services of any air carrier...." 49 U.S.C.App. § 1305(a)(1) (amended and codified at 49 U.S.C. § 41713(b)), but it does not deal with issues like maintenance. The savings clause was subsequently amended so that it now reads as follows: "A remedy under this part is in addition to any other remedies provided by law." 49 U.S.C. § 40120(c) (amended by Pub.L. No. 103–372, § 1(e), 108 Stat. 745 (1994)). There is no reason to think that the change was designed to eliminate common law damage remedies. In fact, the Federal Aviation Act has no private cause of action, *see, e.g., Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 340 n. 13 (5th Cir.1995), and there is no suggestion in the Act or the legislative history that Congress intended to eliminate ordinary damage recoveries for breach of contract and torts. As the Supreme Court said in *Silkwood v. Kerr–McGee Corp.,* "[t]his silence takes on added significance in light of Congress's failure to provide any federal remedy for persons injured by such conduct. It is difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct." 464 U.S. 238, 251, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984) (citing *United Constr. Workers v. Laburnum Constr. Corp.,* 347 U.S. 656, 663–64, 74 S.Ct. 833, 98 L.Ed. 1025 (1954)). And as a number of courts have observed, the Federal Aviation Act requires the maintenance of insurance for bodily injury and property loss or damage, 49 U.S.C. § 41112(a), a pointless provision if there is no private cause of

action for damages. *See, e.g., Taj Mahal Travel, Inc. v. Delta Airlines, Inc.,* 164 F.3d 186, 194 (3d Cir.1998). Despite its expansive language, *French* was dealing with a discrete problem: where the federal statute and regulations provide detailed standards on who can qualify as a pilot, can state employment laws displace them? The answer clearly is *no,* but that is not the question here. And whether the First Circuit decides ultimately that there is no preemption of Maine tort law, or like the Third Circuit that there is preemption of the standard but not the remedy, the result is the same: the case must be RE-MANDED for lack of a federal question.

So ORDERED.