Hwei–Ling GREENEY, Plaintiff

v.

**CENTER FOR HUMAN
DEVELOPMENT, INC.,**
Defendant.

Civil Action No. 10–30071–MAP.

United States District Court,
D. Massachusetts.

July 27, 2010.

Lawrence J. Farber, Law Office of Lawrence J. Farber, Amherst, MA, for Plaintiff.

Amy B. Royal, Royal & Klimczuk, LLC, Northampton, MA, for Defendant.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR SANCTIONS (Document No. 8) and DEFENDANT'S MOTION TO DISMISS (Document No. 3)*

NEIMAN, United States Magistrate Judge.

Hwei–Ling Greeney ("Plaintiff") seeks to remand her complaint back to the Hampshire Superior Court, where it originated, while the Center for Human Development, Inc. ("CHD" or "Defendant"), which removed the complaint to this forum on the basis of an ostensible federal question, seeks to now dismiss Plaintiff's action pursuant to Fed.R.Civ.P. 12(b)(6). Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the jurisdiction of this court.

For the reasons indicated below, the court will allow Plaintiff's motion to remand but deny her accompanying request for sanctions. Accordingly, the court will deny Defendant's motion to dismiss without prejudice so that the issues raised there can be addressed, if at all, in the state forum.

### I. *Background*

On February 22, 2010, Plaintiff filed a three-count complaint in Hampshire Superior Court, each count raising claims grounded in state law. At its core, the complaint alleges that Plaintiff was terminated from Defendant's employ—where she worked as a Soup Kitchen Coordinator—after she made a public comment at a Town of Amherst Select Board meeting. (See Compl. ¶¶ 7–9, 18.) It is undisputed for present purposes that Defendant is a private corporation that receives funding from the Town of Amherst. (See *id.* ¶¶ 2, 9; Def.'s Mem. Supp. Motion to Dismiss (Doc. No. 4) at 1 n. 1.) According to the complaint, Plaintiff was told by her supervisor that her comment at the Select Board meeting "had offended a Town official and jeopardized CHD's funding from the Town." (Compl.¶ 9.)

In Count I of her complaint, Plaintiff alleges common law wrongful discharge. (*Id.* ¶¶ 24–26.) In Count II, Plaintiff contends that Defendant violated the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. L. ch. 12, § 11H et seq. (*Id.* ¶¶ 27–28.) And in Count III, Plaintiff alleges the intentional and/or negligent infliction of emotional distress by Defendant, another common law claim. (*Id.* ¶¶ 29–31.)

On March 29, 2010, while the matter remained in the Superior Court, Defen-

dant served Plaintiff with a motion to dismiss and, on April 12, 2010, Plaintiff served Defendant with an opposition thereto. (Pl.'s Motion to Remand (Doc. No. 8) at 1.) Pursuant to the state's procedural rules, however, neither Defendant's motion nor Plaintiff's opposition were actually filed in the court. *See* Rule 9A(b)(2), Rules of the Superior Court. Rather, on April 13, 2010, *i.e.,* immediately following receipt of Plaintiff's opposition, Defendant, sensing the existence of a federal question embedded in Plaintiff's common law wrongful discharge claim (Count I), removed the action to this forum.

In doing so, Defendant pointed to pages 6 and 12 of Plaintiff's opposition. There, Defendant asserted, Plaintiff implied that her termination was "wrongful" because it violated her "public policy" rights under federal law. Plaintiff specifically mentioned "the protection afforded [her] under the First Amendment" to the United States Constitution. (Def.'s Pet. for Removal, Ex. B at 6, 12.) Plaintiff, however, also referred to her "free speech" rights under "Article XVI of the Constitution of the Commonwealth of Massachusetts, Amended in Article LXXVII" as well as the MCRA and several decisions of the Massachusetts Supreme Judicial Court. (*Id.*)

In due course, the parties filed in this court the motions currently at issue, Plaintiff's motion to remand and for sanctions and Defendant's motion to dismiss. Having reviewed these motions, as well as the oppositions with respect thereto, the court is now poised to rule.

## II. *Discussion*

Plaintiff's arguments for remand are well-founded. Accordingly, for the reasons which follow, the court will allow Plaintiff's motion to remand but deny her accompanying request for sanctions. As a result, the court will deny Defendant's motion to dismiss without prejudice.

### A. *Plaintiff's Motion to Remand*

According to Defendant, the case was removable because the federal court has "original jurisdiction" pursuant to 28 U.S.C. § 1441(a), inasmuch as the complaint is essentially a civil action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Specifically, Defendant asserts that Plaintiff's common law discharge claim (Count I) has an embedded federal question— namely, "the right to free speech under the First Amendment of the United States Constitution" (Doc. No. 9 (Def.'s Opp'n to Pl.'s Motion to Remand and for Sanctions) at 2)—which only became evident when Plaintiff tendered her opposition to Defendant's original motion to dismiss. The court disagrees with Defendant's analysis.

■ It is well established that federal jurisdiction depends on a "well-pleaded" complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "[I]n deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's *claim to relief* rests upon a federal right and the court is to look only to *plaintiff's complaint* to find the answer." *Hernandez–Agosto v. Romero–Barcelo,* 748 F.2d 1, 2 (1st Cir.1984) (emphasis in original) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). *Accord Alshrafi v. Am. Airlines, Inc.,* 321 F.Supp.2d 150, 155 (D.Mass. 2004). Here, the face of Plaintiff's complaint raises no federal question. Accordingly, this court would appear to have no original jurisdiction over Plaintiff's complaint and, hence, Defendant's removal would have been in error.

As District Judge William G. Young has observed, however, "[a]n important corollary to the well-pleaded complaint rule is 'the further principle that a plaintiff may not defeat removal by omitting to plead necessary federal questions.' " *Alshrafi*, 321 F.Supp.2d at 155 (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)) (further citation and internal quotation marks omitted). In essence, a plaintiff "cannot disguise a federal cause of action, and thereby frustrate a defendant's right of removal, by 'artfully pleading' her case to avoid any reference to federal law." *Id.* Under this "artful pleading doctrine," a complaint that is seemingly free of federal questions may nonetheless be removed in two instances: "(1) 'where federal law completely preempts a plaintiff's state-law claim,' " *id.* (quoting *Rivet*, 522 U.S. at 475, 118 S.Ct. 921), "or (2) where a well-pleaded claim sounding in state law necessarily 'requires resolution of a substantial question of federal law,' " *id.* (quoting *Franchise Tax Board*, 463 U.S. at 13, 103 S.Ct. 2841) (further citations and internal quotation marks omitted). The second ground for removal is often called "federal ingredient jurisdiction," *Almond v. Capital Props., Inc.*, 212 F.3d 20, 23 (1st Cir.2000), and is the ground upon which Defendant relies in support of its removal of Plaintiff's complaint from Superior Court.

According to the First Circuit, however, federal ingredient jurisdiction is somewhat "controversial" and should be applied sparingly. *Id. See also Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir.1999) (indicating that "removal statutes are strictly construed ... and defendants have the burden of showing the federal court's jurisdiction") (citations omitted). And while the Supreme Court itself has occasionally invoked the federal ingredient theory, *see, e.g., City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997), *and Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), it has typically "denied [such] jurisdiction in cases where state tort claims merely incorporated federal fault standards." *Alshrafi*, 321 F.Supp.2d at 163–64 (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), and *Moore v. Chesapeake & Ohio R. Co.*, 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934)). At bottom, therefore, federal ingredient jurisdiction can only exist, as indicated, where "the plaintiff's right to relief *necessarily* depends on resolution of a *substantial* question of federal law." *Franchise Tax Board*, 463 U.S. at 27–28, 103 S.Ct. 2841 (emphasis added).

Understanding these standards, Defendant asserts that Plaintiff's common law wrongful discharge claim calls for federal ingredient jurisdiction since, in Plaintiff's unfiled Superior Court opposition to Defendant's motion to dismiss, Plaintiff argued in applicable part that she was wrongfully terminated in violation of public policy, *i.e.*, the right to speak freely as guaranteed by the First Amendment. This was enough, Defendant asserts, to justify its decision to remove the action to this federal forum.

There are several problems with Defendant's argument. First, there is no indication that the First Amendment issue Plaintiff mentioned in her opposition is a "substantial" question of federal law here. *See Drake v. Cheyenne Newspapers, Inc.*, 842 F.Supp. 1403, 1411 (D.Wyo.1994) (concluding "that the import of the First Amendment in [a wrongful discharge] case is simply too insubstantial to establish federal subject matter jurisdiction"). The Supreme Court has been adamant that such uncertainties be resolved in favor of re-

mand. *See Franchise Tax Board,* 463 U.S. at 10–11, 103 S.Ct. 2841.

Second, Plaintiff's wrongful discharge claim does not "necessarily depend" on resolution of the First Amendment issue. Indeed, Plaintiff argued in her state brief that her free speech rights were also guaranteed by "Article XVI of the Constitution of the Commonwealth of Massachusetts, Amended in Article LXXVII" and that Defendant "violated an established public policy guaranteed by the Massachusetts Constitution." (See Def.'s Pet. for Removal, Ex. B at 12.) In addition, Plaintiff made reference to the MCRA, the subject of Count II, and also cited several decisions of the Massachusetts Supreme Judicial Court, namely, *Swanset Dev. Corp. v. City of Taunton,* 423 Mass. 390, 668 N.E.2d 333 (1996), and *Gram v. Liberty Mut. Ins. Co.,* 384 Mass. 659, 429 N.E.2d 21 (1981). (See *id.* at 6, 12.)

Third, Defendant cites no case law, and the court's own research has not unearthed a single decision, that would justify having the case remain here. To the contrary, the courts have uniformly ordered remand where the defendant based removal on a purported "federal question" embedded in a plaintiff's common law wrongful discharge cause of action. *See, e.g., Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 759–61 (6th Cir.2000) (federal statutes cited in former employee's wrongful discharge claim were insufficient to invoke federal question jurisdiction where employee's complaint put forth alternate bases in state and federal law for the public policy in contravention of which he was discharged); *Campbell v. Aerospace Corp.,* 123 F.3d 1308, 1314–15 (9th Cir. 1997) (employee's citation to federal law as establishing public policy allegedly violated by his termination did not implicate federal interest sufficiently substantial to confer federal question jurisdiction); *Willy v.*

*Coastal Corp.,* 855 F.2d 1160, 1170–72 (5th Cir.1988) (wrongful discharge claim of employee who alleged that he was discharged because he had sought to prevent his employer from violating federal statutes and because he would not violate them himself did not arise under federal law where he did not independently claim that the employer had violated the federal statutes in question); *Drake,* 842 F.Supp. at 1411–13 (no federal question jurisdiction in wrongful termination case where federal issue, the First Amendment, was no more than support to claim that discharge was in violation of public policy).

The *Drake* case, it turns out, is virtually identical to the case at bar. There, the defendant sought removal of a common law wrongful termination complaint because the plaintiffs, in their complaint, made "reference to the First Amendment[ ] as a source of public policy in support of their tort claim." *Id.,* 842 F.Supp. at 1406. According to the court, however, "the import of the First Amendment ... [was] simply too insubstantial to establish federal subject matter jurisdiction." *Id.* at 1411. Moreover, the court continued, "the First Amendment [was] not even an essential element of the plaintiffs' claim" since it was "not necessary to the disposition of this case," that is, "the Court could completely ignore any reference to the First Amendment without affecting the plaintiffs' chance of recovery because the plaintiffs could rely on the [state] Constitution, rather than the First Amendment to the United States Constitution, as their source of public policy." *Id.* at 1412. Here, as in *Drake,* Plaintiff's right to relief in Count I does not necessarily depend on resolution of a substantial question of First Amendment or other federal law. Accordingly, this court, as in *Drake,* has little choice but to find the absence of federal ingredient jurisdiction

and, hence, remand the matter to state court.

## B. *Plaintiff's Request for Sanctions*

 Citing Fed.R.Civ.P. 11(b), Plaintiff also argues that Defendant's removal "was an intentional abuse of process" warranting monetary sanctions. The court disagrees. For one thing, Plaintiff's request for sanctions, made at the end of her remand motion, does not meet the stringent procedural requirements for Rule 11 relief. *See, e.g.,* Fed.R.Civ.P. 11(c)(2) (providing that such a motion "must be made separately from any other motion[,] . . . must describe the specific conduct that allegedly violated Rule 11(b) . . . [and] must be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service"). More importantly, however, the court does not deem Defendant's federal ingredient jurisdiction theory to have been frivolous. *See* Fed.R.Civ.P. 11(b) (indicating that Rule 11 sanctions ought not be levied against those who make "legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law"). Accordingly, the court will deny the sanctions portion of Plaintiff's remand motion.

## C. *Defendant's Motion to Dismiss*

"Because federal courts are powerless to act in the absence of subject matter jurisdiction," *Lee–Barnes v. Puerto Ven Quarry Corp.,* 513 F.3d 20, 24 (1st Cir.2008), and because this court believes that the lack of such jurisdiction here warrants a remand, this court deems it imprudent to address the merits of Plaintiff's causes of action as raised in Defendant's motion to dismiss. Accordingly, and in the interest of judicial economy, the court will deny

Defendant's motion to dismiss without prejudice.

## III. *Conclusion*

For the reasons stated, Plaintiff's motion to remand is ALLOWED but her request for sanctions is DENIED. In turn, Defendant's motion to dismiss is DENIED without prejudice.