GREENSMITH COMPANY, INC., and
J.N. Bearden, III, Plaintiffs,

v.

COM SYSTEMS, INC., Resurgens
Communications Group Inc., and
John D. Phillips, Defendants.

Civ. No. 92–2313.

United States District Court,
D. New Jersey.

Aug. 27, 1992.

Bruce W. Clark, Dechert Price & Rhoads, Princeton, N.J., for plaintiffs.

William J. Riina, Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, N.J., for defendants.

## OPINION

DEBEVOISE, District Judge.

This cause of action was removed from the New Jersey State Courts on or about June 1, 1992. Plaintiffs contend that Defendants' Notice of Removal was not filed in a timely fashion; consequently, they move to remand. For the reasons set forth below, Plaintiffs' motion is granted.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this suit in the Superior Court of New Jersey, Morris County on April 13, 1992. Plaintiffs maintain that Defendant John D. Phillips ("Phillips") was served with a summons and copy of the Complaint on April 27, 1992. Defendants contend that service upon Phillips was improper. Defendant Resurgens Communications Group, Inc. ("Resurgens") was served with a summons and copy of the Complaint on May 6, 1992 via its agent, Corporation Trust Company. The third Defendant, Com Systems, Inc. ("Com Systems") was served on June 1, 1992.

Defendants filed a Petition for Removal from state court on June 1, 1992. The Petition, filed in Defendant Resurgens name, stated that removal was made with the consent of Defendants Phillips and Com Systems. Pursuant to Defendants' Petition, the case was removed from the state court.

### DISCUSSION

A. *Removal*

The time limits governing removal of actions to federal court are stated in 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not re-

quired to be served on the defendant, whichever period is shorter.

Pursuant to this rule, removal must be made within 30 days, after receipt by the defendant, *through service or otherwise*, of a copy of the initial pleadings.

■ Plaintiffs' motion raises two pivotal issues: (i) whether *receipt* of the pleadings is sufficient to trigger the 30 day time period established in 1446(b) or whether *service* is necessary to commence the 30 day limitation; and (ii) whether, in multi-defendant cases, receipt of the pleadings by the first defendant triggers the 30 day removal period provided in 1446(b) for all defendants. As noted by the parties in their respective briefs, the Third Circuit has not squarely addressed the first issue. The intent of the drafters, however, is clear. The statute provides that a notice of removal "shall be filed within thirty days after the *receipt* by the defendant, *through service or otherwise*," of a copy of the pleadings. The plain language of this rule is unequivocal: the thirty day limitation will begin to run after receipt of the pleadings. Receipt is not limited to service; rather, it is granted broader application. Accordingly, I conclude that service is not required under the rule. All that is required to trigger the thirty day statute of limitations is receipt of the pleadings. *See North Jersey Sav. & Loan v. Fidelity & Deposit Co. of Maryland*, 125 F.R.D. 96, 100 (D.N.J.1988) (relying upon *Cooperman v. Board. of Educ. of Hillside Township*, 577 F.Supp. 52 (D.N.J.1983).

In the instant case, it is undisputed that Phillips received a copy of Complaint on April 27, 1992 by certified mail. *See* Defendants' Memorandum in Opposition to Plaintiffs' Motion to Remand at 3. The time for removal, therefore, began to run on April 27, 1992.

■ The second issue raised in this motion is also a novel one which has not been squarely addressed by the Third Circuit: whether, in multi-defendant cases, receipt of the pleadings by the first defendant triggers the 30 day removal period provided in Section 1446(b) for all defendants.

Plaintiffs contend that removal in this case was improper because the Petition for Removal was filed 33 days after Phillips received the pleadings. Defendants argue, however, that, although Defendants Phillips and Com Systems consented to removal, the Petition was filed by Resurgens. Since Resurgens was not served until May 6, 1992, Defendants maintain that removal took place within 30 days thereafter.

Section 1446(b) enjoys relatively easy application in single defendant cases: removal must be accomplished within 30 days after the defendant receives the pleadings. In the multi-defendant context, however, application of the rule is rather problematic. The rule does not state whether, in multi-defendant cases, where service upon the defendants is staggered, all defendants (even those not yet served) are required to file for removal within 30 days after receipt of the pleadings by the first defendant, or whether each defendant enjoys its own 30 day time period in which to file for removal.

The Plaintiff urges me to adopt a rule which provides for a common 30 day removal period for all defendants beginning to run on the date on which the first defendant receives the pleadings. Application of this rule in a multi-defendant case would operate as follows: defendant A receives the pleadings on January 1st; defendant B receives the pleadings on March 1st. Although defendant B was not served until well after expiration of the 30 day period triggered by service on defendant A, defendant B would be required to file for removal or join in a notice of removal on or before January 31st.

The Defendant urges me to adopt a rule whereby any defendant may remove a case within 30 days after receipt of the pleadings by that particular defendant. Pursuant to this approach, each defendant in a multi-defendant case would have thirty days to file for removal after that defendant receives the pleadings. This rule preserves the rights of defendants who do not receive the pleadings until 30 days after the first defendant is served in the case. Application of this rule in the scenario de-

scribed above would permit defendant B to file for removal up until March 31st.

For obvious reasons, neither the Plaintiffs' nor the Defendants' approach to this dilemma is completely satisfactory. The rule advanced by Plaintiffs is unfavorable to defendants who may be foreclosed from removal before they have been served. Similarly, the rule advanced by defendants is unsatisfactory because it creates an open-ended right to removal for all defendants.[1]

Federal courts have consistently construed removal statutes strictly and, on the whole, against the right of removal. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *White v. Baltic Conveyor Co.,* 209 F.Supp. 716 (D.N.J.1962). In *Shamrock Oil & Gas Corp.* the Supreme Court cautioned against liberal construction of the statute:

> Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal but the policy of the successive acts of Congress regulating the jurisdiction of the federal courts is one calling for the strict construction of such legislation.

313 U.S. at 108, 61 S.Ct. at 872.

In accordance with the principles of strict construction espoused by the Court in *Shamrock Oil & Gas Corp.,* many courts have adopted the approach advanced by the Plaintiffs in this case. For example, in *Brown v. Demco, Inc.,* the Fifth Circuit held that: "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove." 792 F.2d at 481 (quoting 1A J. Moore, *Moore's Federal Practice,* ¶ 0.168 [3.5–5], page 586–87 (2d ed. 1991)); *accord Pic–Mount Corp. v. Stoffel Seals Corp.,* 708 F.Supp. 1113

(D.Nev.1989); *Dachenbach v. Pamida, Inc.,* 683 F.Supp. 1268 (S.D.Iowa 1988).

This rule springs from two well established principles. First, the failure of a defendant to remove within 30 days is tantamount to a waiver of its right to remove. The waiver cannot be cured retroactively by joining a subsequently served defendant's notice of removal. Likewise, a defendant which has irretrievably lost its right to remove, may not consent to removal by another defendant. The second principle is that all defendants must join in a petition for removal. If unanimity is lacking, removal is impermissible. *See Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1201 (D.R.I.1986).

In *Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528 (E.D.Pa.1982) the first defendant, G.A.F., was served on February 18, 1982. Another defendant, Bell Asbestos Mines ("Bell"), was served on March 3, 1982. On April 1, 1982, 29 days after service upon Bell and 42 days after service upon G.A.F., Bell filed a petition for removal. *Id.* at 529.

The district court concluded that removal was not timely. The court recognized that strict construction of the federal removal statute may, at times, impart harsh consequences. The court concluded, however, that the result in the pending case was equitable because Bell, the removing defendant, was served within thirty days of G.A.F. and consequently, had the opportunity to persuade G.A.F. to join in a timely application for removal. *Id.* at 530.

Similarly, in the case at bar, the removing defendant, Resurgens, was served approximately eight days after Phillips received a copy of the pleadings on April 27, 1992. Resurgens, therefore, had an opportunity to persuade Phillips to file a notice of removal in a timely manner. Moreover, because Phillips, the Chief Executive Officer and Director of both Resurgens and Com Systems, was served with a copy of the pleadings on April 27, 1992, Resurgens

---

1. As a general rule, all defendants who may properly join in the notice of removal must join. *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir. 1986) (citing *Tri–Cities Newspapers, Inc. v. Tri–*

*Cities Printing, Local 349,* 427 F.2d 325, 326–27 (5th Cir.1970); *see also* 1A J. Moore, *Moore's Federal Practice,* ¶ 0.168 [3.2–1], 546 (2d ed. 1991)).

had constructive notice of this action on that date. Resurgens, therefore, was afforded thirty days in which to file for removal.

## CONCLUSION

Plaintiffs' motion to remand is granted.