David **MEDINA**, Plaintiff,

v.

**WAL–MART STORES, INC., Defendant.**

No. 96–CV–0482C(F).

United States District Court,
W.D. New York.

Nov. 13, 1996.

---

Fessenden, Laumer and DeAngelo (J. Kevin Laumer, of counsel), Jamestown, NY, for Plaintiff.

Kenney, Kanaley, Shelton, Notaro, Liptak & Laing (Michael J. Kanaley, of counsel), Buffalo, NY, for Defendant.

CURTIN, District Judge.

### BACKGROUND

Plaintiff originally filed this negligence action in New York State Supreme Court in and for the County of Chautauqua. Pursuant to § 306(b) of the Business Corporation Law of the State of New York, plaintiff served the Secretary of State with the summons and the complaint on June 20, 1996. Defendant received these pleadings at its office in Bentonville, Arkansas, on June 26, 1996. On July 22, 1996, defendant filed a notice of removal pursuant to 28 U.S.C. § 1446 and an answer to the complaint with this court. Item 1.

On August 26, 1996, plaintiff filed a response to the notice of removal arguing that the court should remand the case to the state court because defendant failed to file the notice within the thirty-day period mandated by 28 U.S.C. § 1446(b). Item 4. He contends that since under § 306(b) of the Busi-

ness Corporation Law of the State of New York service of process is complete when the Secretary of State has been served, the thirty-day period for removal to federal court should start to run on June 20.

### DISCUSSION

The "precise limits" of removal jurisdiction are determined by federal, not state, law and procedure. See, e.g., Universal Motors Group v. Wilkerson, 674 F.Supp. 1108 (S.D.N.Y.1987) (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). Title 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" (emphasis added). That the New York Business Corporation Law recognizes service of process as being complete in civil actions brought against a corporation authorized to do business in the state once the Secretary of State has been served is not relevant to question of whether defendant's notice of removal is timely. A strict reading of the statute supports the position that the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings.

Although few courts have addressed this precise question directly, "the heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent." Cygielman v. Cunard Line Ltd., 890 F.Supp. 305, 307 (S.D.N.Y. 1995). See, e.g., Greensmith Co. Inc., v. Com Systems, Inc., 796 F.Supp. 812, 813–14 (D.N.J.1992) (the thirty-day period for removal of a state court action brought against a corporate defendant began to run from the date that the chief executive officer of the corporation received a copy of the pleadings, rather that the date the corporation was formally served); Skidaway Assoc., Ltd. v. Glens Falls Ins. Co., 738 F.Supp. 980, 982 (D.S.C.1990); Farris v. Youngblood, 248

F.Supp. 598, 599 (E.D.Tenn.1965); *Barber v. Willis,* 246 F.Supp. 814, 815 (N.D.Ga.1965); *Isbell v. Osgood,* 234 F.Supp. 602, 603 (E.D.Okla.1964); *Hall v. Bowman,* 171 F.Supp. 454, 455 (E.D.Mo.1959); *Mahony v. Witt Ice & Gas Co.,* 131 F.Supp. 564, 567 (W.D.Mo.1955). This is the most equitable result, since the defendant's right to a federal forum should not depend upon the rapidity and accuracy with which the statutory agent informs its principal of the commencement of litigation against it.

Thus, since in the present case defendant received a copy of the pleadings on June 26, 1996, by filing its answer and notice of removal on July 22 defendant was well within the thirty-day period prescribed under 28 U.S.C. § 1446(b).

■ Even if plaintiff's argument that the thirty-day period began to run on June 20 is correct, defendant's filing on July 22 was timely. Rule 6(a) of the Federal Rules of Civil Procedure instructs that

> [i]n computing any period of time prescribed or allowed by these rules ... or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days.

Thus, if the period began to run on June 20, the thirtieth day fell on Saturday, July 20, making the last day on which defendant could file notice of removal Monday, July 22.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this case to the Supreme Court of the State of New York is denied. A telephone conference shall be held on November 25, 1996, at 11 a.m.

So ordered.