**Robert HALLENBECK and Kelley Hallenbeck, Plaintiffs,**

v.

**TRANSGAS, INC., Defendant.**

**No. 99–CV–369LEK/RWS.**

United States District Court, N.D. New York.

June 16, 1999.

Office of Frank T. Mahady, Albany, NY (Frank T. Mahady, of counsel), for Plaintiffs.

Lester, Schwab Law Firm, New York City (Howard F. Strongin, of counsel), for Defendant.

## *DECISION AND ORDER*

KAHN, District Judge.

Plaintiffs Robert Hallenbeck and Kelly Hallenbeck ("Plaintiffs") originally filed this negligence action in state court. Defendant filed a notice of removal on March 11, 1999, asserting diversity jurisdiction. Plaintiffs now move to remand, arguing that the notice of removal was untimely and that the Defendant took actions in state court which constituted a waiver of the right to removal. This Court finds that the motion was indeed untimely, and accordingly directs that the action be remanded.

### I. *Discussion*

■ When a plaintiff moves for an order remanding an action to state court, the party opposing remand bears the burden

of proving that the removal requirements have been met. *Thompson v. Williams,* No. 98–CV–6177, 1998 WL 938778, at *1 (E.D.N.Y. Nov.20, 1998) (citing *Pan Atl. Group, Inc. v. Republic Ins. Co.,* 878 F.Supp. 630, 637 (S.D.N.Y.1995)). Defendant must therefore prove that the notice of motion was filed in timely fashion.

Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

In this case, Plaintiffs completed service by serving the Secretary of State with a copy of the summons and complaint on or about February 1, 1999. The notice of removal was not filed in this Court until March 11, 1999. Plaintiffs thus argue that the notice was filed more 30 days after service.

■ "[T]he heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent [such as the Secretary of State] runs from receipt of the pleading by the defendant, rather than the statutory agent." *Medina v. Wal–Mart Stores, Inc.,* 945 F.Supp. 519, 520 (W.D.N.Y.1996) (citation and internal quotations omitted). *See also Figueroa v. Kim,* 813 F.Supp. 267 (S.D.N.Y.1993). Thus, the timeliness of the notice of removal must be determined based on the date of actual receipt.

■ Defendant asserts that this date is February 9, 1999. In support of its assertion, Defendant submits the affidavit of Victor Baur, president of Transgas, who states that he is "immediately notified whenever Transgas is served with litigation papers," Baur Aff. ¶ 2, and that he was notified of the Summons and Complaint on "February 9, 1999, the same date said Summons and Complaint were received at the Transgas Office." *Id.,* ¶ 3.

However, Plaintiffs have submitted into evidence the return receipt from the mailing by the Secretary of State Office. This receipt confirms that the Summons and Complaint were delivered to Defendant and signed for, and that the receipt was returned on February 8, 1999. Defendant has submitted nothing which would suggest that this document is invalid. This Court finds, therefore, that the Summons and Complaint were actually received by the Defendant no later than February 8, 1999. As noted previously, the notice of removal was filed on March 11, 1999, at least thirty-one days after actual receipt, and was thus untimely under 28 U.S.C. § 1446(b).

■ At oral argument, Defendant suggested that the party receiving and signing for the documents did not have authority to be served. However, the relevant issue is not whether service was completed (as such occurred upon deliver to the Secretary of State, *see* N.Y.Bus.Corp.Law § 306(b)(1)) but whether the document was actually received. *See* 28 U.S.C. § 1446(b) (requiring filing within 30 days of "receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading"); *Greensmith Co., Inc. v. Com Systems, Inc.,* 796 F.Supp. 812, 813 (D.N.J.1992) (noting that "[r]eceipt is not limited to service; rather, it is granted broader application"). If there is a relevant restriction, then, it is a restriction to any party authorized to receive and sign for certified mail. Since the document was signed for by a party at the address provided to the Secretary of State for service of process, the record clearly supports the conclusion that the party had authority to sign for the mail, and that it was actually received at that time. Defendant has certainly not satisfied its burden of proving otherwise.

Accordingly, it is hereby

ORDERED that Plaintiff's motion to remand is GRANTED, and the action is therefore remanded to state court; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.