**In re PFOHL BROTHERS LANDFILL LITIGATION.**

**This Document Relates to:**

**Weigel v. Westinghouse, 97–CV–977A and**

**Moore v. Westinghouse, 97–CV–997A(F).**

**No. 95–CV–0020A.**

United States District Court, W.D. New York.

Sept. 22, 1999.

178

Baron & Budd, P.C. (Frederick M. Baron, and Laura J. Van Pelt, of Counsel), Dallas, TX, Green, Fahringer, Roll, Salisbury & Cambria LLP (Laraine Kelley, of Counsel), Buffalo, NY, for Plaintiffs.

Nixon, Hargrave, Devans & Doyle, LLP (Laurie Styka Bloom, of Counsel), Buffalo, NY, for the Liaison Group Defendants.

## ORDER

ARCARA, District Judge.

These cases were referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), following removal from state court. Plaintiffs filed motions to remand *Moore v. Westinghouse*, 97–CV–997A, on January 21, 1998 and May 12, 1998; and to remand *Weigel v. Westinghouse*, 97–CV–977A on May 1, 1998.

On February 12, 1999, Magistrate Judge Leslie G. Foschio filed a Decision and Order denying plaintiffs' motion to remand based on failure to join, granting plaintiffs' motions to remand based on lack of subject matter jurisdiction, and denying plaintiffs' requests for attorney fees. Defendants filed objections to the Magistrate Judge's Report and Recommendation on June 17, 1999 and plaintiffs filed a re-

sponse thereto. Oral argument on the objections was held on August 5, 1999.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider any pre-trial matter under this subparagraph (A), where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id.* Having carefully reviewed the submissions of the parties and Magistrate Judge Foschio's Decision and Order, and having considered oral argument from counsel, the Court finds that the Decision and Order was neither clearly erroneous nor contrary to law.[1]

Accordingly, the objections to Magistrate Judge Foschio's February 12, 1999 Decision and Order are denied, and *Moore v. Westinghouse,* 97–CV–997A and *Weigel v. Westinghouse,* 97–CV–977A are hereby remanded to state court. The Clerk of Court shall take all steps necessary to close these cases.

IT IS SO ORDERED.

### DECISION and ORDER [1]

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This case was referred to the undersigned by the Hon. Richard J. Arcara on February 16, 1996 for determination of all pre-trial matters. It is presently before the court on Plaintiffs' motions to remand *Moore v. Westinghouse,* 97–CV–997A(F) (Docket Items. Numbers 444 and 482), filed January 21, 1998 and May 12, 1998, and to remand *Weigel v. Westinghouse,* 97–CV–977A(F) (Docket Item Number 479), filed May 1, 1998.

### BACKGROUND and FACTS

This action was commenced in this court on January 10, 1995 with the filing of the first of six essentially identical complaints alleging diversity jurisdiction by sixty-three plaintiffs asserting claims under New York law against Defendants for injuries or deaths allegedly caused by exposure to hazardous and toxic substances deposited in the Pfohl Brothers Landfill ("the Landfill"), located in Cheektowaga, New York. The last complaint in which diversity jurisdiction is alleged was filed January 10, 1997.

As Plaintiffs concede that most, if not all, of their state law claims contained in the six complaints originally filed in federal court would be time-barred under New

---

1. Defendants argue that a motion to remand is dispositive in nature and therefore must be accorded *de novo* review. The Court need not decide this issue because it would adopt the Magistrate Judge's decision to remand even under a *de novo* standard.

1. A magistrate judge has, under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, authority to determine non-dispositive pre-trial matters. The court's research indicates that neither the Supreme Court nor any court of appeals had ever considered whether a motion to remand is dispositive until the Third Circuit recently held that "as far as the federal courts are concerned, a remand order is dispositive of all the claims and defenses in the case as it banishes the case from the federal court." *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir.1998). The court's decision was predicated on its finding no difference between remanding an action removed from state court for lack of subject matter jurisdiction, and, under circumstances where parallel actions are commenced in state and federal courts, dismissing the federal action for lack of subject matter jurisdiction while the parallel state action continues. However, that finding disregards the fact that the claims and defenses presented in the remanded action, despite being terminated from the federal court's docket, continue uninterrupted in state court. This court has previously held that a matter of remand is not dispositive as it presents only the question of whether there is a proper basis for federal jurisdiction to support removal and neither reaches nor requires a determination on the merits of a plaintiff's claims or a defendants defenses or counterclaims. *Holt v. Tonawanda Coke Corp.,* 802 F.Supp. 866 (W.D.N.Y.1991); *Acme Electric Corporation v. Sigma Instruments, Inc.,* 121 F.R.D. 26 (W.D.N.Y.1988). Following the decision on remand the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed. *Holt, supra; Acme Electric Corporation, supra.* Should the District Judge determine that a remand motion is dispositive, then the instant Decision and Order should be considered a Report and Recommendation and accorded *de novo* review.

York law, plaintiffs alleged in their federal actions that such claims are nevertheless timely under § 309 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), codified as 42 U.S.C. § 9658 ("§ 9658"), which preempts the accrual date for state law toxic tort actions based on exposure to hazardous substances released into the environment by facilities as defined under CERCLA. Congress enacted § 9658 in response to a study conducted to assist Congress in drafting the SARA amendments to CERCLA, which found that existing state private tort actions for personal injury and property damage were effective mechanisms of legal redress for such torts caused by release of hazardous and toxic substances into the environment, but for the fact that such actions were often time-barred as the relevant state statutes of limitations and related judicial decisions did not permit accrual of an action based on an injury with a long latency period such as cancer to be measured from the discovery of the cause of the injury. Superfund Section 301(e) Study Group, 97th Cong., 2d Sess., Injuries and Damages from Hazardous Wastes—Analysis and Improvement of Legal Remedies, 16 (Comm. Print 1982)("Study Group Report"), at 21–22, 43. Section 9658, therefore, provides for a uniform accrual date from which to measure the running of the applicable periods of limitation for state law toxic torts actions. Specifically, § 9658 permits such claims to accrue as of the "federally required commencement date" or "FRCD" which is defined as the date causation of the injury was, or reasonably should have been, discovered.

Six actions asserting state law claims arising from the deposit of hazardous and toxic substances in the Landfill have also been filed in New York Supreme Court, Erie County. It is undisputed that there is no basis for federal diversity jurisdiction as to any of the actions commenced in state court. Defendants removed two of those actions to this court asserting federal question jurisdiction exists. Specifically, on December 12, 1997, Defendants removed *Weigel v. Westinghouse,* 97–CV–977A(F) *("Weigel")*, a state personal injury action which was filed in New York Supreme Court, Erie County on October 12, 1997. On December 22, 1997, Defendants removed *Moore v. Westinghouse,* 97–CV–997A(F) *("Moore")*, a state medical monitoring action which was filed in New York Supreme Court, Erie County on November 18, 1997. In the removed actions, Plaintiffs alleged that if the state claims contained therein are untimely under the applicable New York statutes of limitations, they are, nevertheless, timely based on the FRCD. The identical paragraph in both complaints states

> If it is deemed that the Federal Commencement date pre-emption of the state statute of limitations pursuant to 42 U.S.C. § 9658, in the Superfund Amendments and Reauthorization Act of 1986 ("SARA") amendment to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") is applicable to one or more of the following plaintiffs' claims, then plaintiffs will assert pre-emption under 42 U.S.C. § 9658.

*Weigel* Complaint, ¶ 4; *Moore* Complaint, ¶ 5.

On January 21, 1998, Plaintiffs moved to remand *Moore v. Westinghouse,* 97–CV–997A(F) to state court on the basis that one of the defendants had failed to timely join in the petition for removal. Defendants' opposition to that motion was filed on March 9, 1998 and Plaintiffs filed a reply in further support of remand on March 17, 1998.

On May 1, 1998, Plaintiffs moved to remand *Weigel v. Westinghouse,* 97–CV–977A(F) to state court for lack of subject matter jurisdiction and requested an award of costs and attorneys fees in connection with that remand motion. On May

12, 1998, Plaintiffs filed a similar motion to remand *Moore v. Westinghouse,* 97–CV–997A(F), for lack of subject matter jurisdiction and also requested an award of costs and attorneys fees. Defendants filed one response in opposition to both those motions on July 6, 1998, maintaining that Plaintiffs' assertion of the FRCD as an alternative ground for timeliness in the removed state court actions raises a federal question sufficient to confer subject matter jurisdiction in this court. Plaintiffs filed a reply in further support of both those motions on August 12, 1998.

For the following reasons, Plaintiffs' motion to remand based on failure of all Defendants to timely join is DENIED; Plaintiffs' motions to remand based on lack of subject matter jurisdiction are GRANTED; and Plaintiffs' requests for attorney fees are DENIED.

### DISCUSSION

A state court proceeding may be removed to federal court under 28 U.S.C. § 1441(b) "without regard to the citizenship or residence of the parties" provided the proceeding is "a civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States . . . ." 28 U.S.C. § 1441(b). Removal procedures under 28 U.S.C. § 1446 provide that

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b).

Once an action is removed, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Upon remanding a removed action to state court, the court is permitted to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal under section 1446(a)." 28 U.S.C. § 1447(c).

▇▇▇ Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal. *Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1045–46 (2d Cir.1991). The removal statute is construed according to federal law. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Somlyo, supra,* at 1047. Further, it is the removing party's burden to demonstrate the existence of federal jurisdiction. *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994)("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper . . . .").

### 1. Joinder of Defendants

Although Defendants have removed the *Moore* and *Weigel* state actions to federal court, Plaintiffs seek to remand only *Moore* for failure of one of the Defendants, Howden Fan Company, f/k/a Buffalo Forge Company, Inc., ("Howden Fan"), to timely join in the petition for removal. In their petition for removal, Defendants state that Howden Fan was not required to join in the removal petition as it had yet to be served when the removal petition was filed and also that Howden Fan had indicated that it did not object to such removal. Defendants' Notice of Removal of *Moore,* filed December 22, 1997 (Docket Item. Number 423) ("Notice of Removal of *Moore* "), ¶ 2.

Plaintiffs maintain that Howden Fan was served in accordance with § 306(b)(1) of the New York Business Corporation

Law[2] on December 12, 1997. Plaintiffs' Memorandum of Law in Support of Motion to Remand *Moore,* filed January 21, 1998 (Docket Item Number 445) ("Memorandum of Law in Support of Remanding *Moore*") at 4, and n 2. Plaintiffs assert that all Defendants who have been served are required to join in the removal petition for valid removal and, as such, Howden Fan's failure to do so has rendered the petition defective and invalid. Memorandum of Law in Support of Remanding *Moore* at 3–4. Plaintiffs argue that service on the first defendant in a multiple defendant suit commences the 30 day period for all Defendants to petition for removal. *Id.,* at 6. According to Plaintiffs, Defendants' allegation in their removal petition that Howden Fan had no objection to removal is an inadequate demonstration of consent to joinder. *Id.,* at 5. Plaintiffs assert that in the instant case, as the first defendant was served on December 5, 1997, all Defendants were required to join or otherwise consent to the removal petition by January 4, 1998. *Id.,* at 6. Further, Plaintiffs maintain that Howden Fan's failure to timely join in the removal petition is not curable through amendment or supplementation of the removal petition. *Id.*

Defendants do not dispute that all defendants in a multiple defendant suit are generally required to join in a valid removal petition, but maintain that service of process on the Secretary of State under N.Y. Bus. Corp. Law § 306(b)(1) was not sufficient to require Howden Fan to join in the removal as the federal removal statutes apply only to those defendants who have actually *received* a copy of the pleadings, by service or otherwise. Liaison Group Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand *Moore,* filed March 9, 1998 (Docket Item Number 453) ("Defendants' Opposition to Remanding *Moore*"), at 9–10. De-

fendants admit that the Secretary of State, upon receiving the summons and complaint for service on Howden Fan on December 12, 1997, forwarded the summons and complaint to an address in Pittsburgh, Pennsylvania. Defendants' Opposition to Remanding *Moore,* at 5. Defendants, however, also assert that such mail was returned as undeliverable by the United States Post Office and that the Secretary of State made no further attempts to deliver the summons and complaint to Howden Fan. *Id.,* at 5. Defendants maintain that they mailed a copy of the Notice of Removal to Howden Fan's attorney, Mark Fuzak, Esq., who advised Defendants he was previously unaware of the action. *Id.,* at 5, 14. According to Defendants, it was not until Plaintiffs moved on January 21, 1998 to remand *Moore* for failure to join that Defendants learned of the service on Howden Fan. *Id.,* at 5, 14. In response to a request by Defendants, Mr. Fuzak filed, on January 21, 1998, an affidavit indicating that Howden Fan did not object to removal of the *Moore* action. *Id.,* at 5–6. Defendants further maintain that as of the date of their response, Howden Fan has yet to receive a copy of the *Moore* complaint. *Id.,* at 13.

Plaintiffs reply that as service under N.Y. Bus. Corp. Law § 306(b)(1) on December 12, 1997, 10 days before Defendants removed *Moore,* was sufficient to obtain jurisdiction in state Supreme Court over Howden Fan under both state and federal law, Howden Fan was required to timely join in Defendants' removal petition. Plaintiffs' Reply Memorandum of Law in Support of Motion to Remand Moore, filed March 17, 1998 (Docket Item Number 458) ("Reply Memorandum of Law to Remand *Moore*"), at 3–4. Plaintiffs further argue that as the 30 day period for removal with regard to an action against multiple defendants begins to run

---

**2.** In New York, service of process with regard to a domestic or authorized foreign corporation may be made and is complete upon personally delivering to and leaving with the Secretary of State duplicate copies of such process together with the statutory fee. N.Y. Bus. Corp. Law § 306(b)(1) (McKinney's 1997).

when the first defendant received the complaint, and as service of the Moore complaint was first effected on a defendant on December 5, 1997, it is now impossible for Howden Fan to timely join in the removal petition. Reply Memorandum of Law to Remand *Moore*, at 4–5.

■ This court has held that service on a statutory agent pursuant to N.Y Gen. Bus. Law § 306(b)(1) is insufficient to require such served defendant to join in a removal petition. *Medina v. Wal–Mart Stores, Inc.*, 945 F.Supp. 519, 520 (W.D.N.Y.1996). In *Medina*, the court found that whether such service was sufficient to obtain jurisdiction over a defendant was "not relevant to [the] question of whether defendant's notice of removal is timely" and, instead, held that "a strict reading of the statute supports the position that the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings." *Medina, supra*, at 520.

As the 30 day period in which Howden Fan was required to join in the removal petition does not commence until it has actually received a copy of the *Moore* complaint, and as Defendants attached a copy of the *Moore* complaint to the Notice of Removal which they mailed to Howden Fan on December 22, 1997, the 30 day period under 28 U.S.C. § 1446 could not commence as to Howden Fan before December 23, 1997. Accordingly, Howden Fan's filing of its attorney affidavit in support of removal on January 21, 1998, constitutes timely joinder in the removal petition.

As such, Plaintiffs' motion to remand *Moore* based on the failure of Howden Fan to timely join the removal petition is DENIED.

## 2. *Subject Matter Jurisdiction*

Defendants alleged in the *Weigel* and *Moore* removal petitions that the court has jurisdiction over both actions based on the presence of a federal question, specifically,

whether § 9658 is constitutional or applicable to those actions. Plaintiffs filed similar motions to remand *Weigel* and *Moore* on May 1, 1998 and May 12, 1998, respectively, based on lack of subject matter jurisdiction, arguing that their alternative pleading asserting the timeliness of their claims under § 9658 is insufficient to confer federal question jurisdiction on this court. Plaintiffs' Memorandum of Law in Support of Motion to Remand *Weigel* for Lack of Subject Matter Jurisdiction filed May 1, 1998 (Docket Item Number 480), at 2–3; Plaintiffs' Memorandum of Law in Support of Motion to Remand *Moore* for Lack of Subject Matter Jurisdiction filed May 12, 1998 (Docket Item Number 483), at 1. According to Defendants, "[t]he interpretation of the FRCD provisions of CERCLA is an essential element of plaintiffs' claims, on which plaintiffs bear the burden of pleading and proof, and will be the overriding and driving issue in determining plaintiffs' ability to maintain their claims." Liaison Group Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand of *Weigel* and *Moore* filed July 6, 1998 (Docket Item Number 492) ("Defendants' Memorandum of Law Opposing Remand of *Weigel* and *Moore* "), at 2.

■ Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The lower federal courts have "jurisdiction to hear, originally or by removal from state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). The "well-pleaded complaint rule"

does not, however, establish jurisdiction but, rather, merely provides the basis on which jurisdiction is determined. *Franchise Tax Board, supra,* at 27–28, 103 S.Ct. 2841. Additionally, the federal question on which jurisdiction is based must be invoked as part of the plaintiff's claim rather than in anticipation of a defense. *Merrell Dow, supra,* at 808, 106 S.Ct. 3229.

■ Defendants' contention that Plaintiffs' assertion, in their complaints, that their claims are rendered timely by operation of § 9658 establishes that the claims therefore arise under federal law creating federal subject matter jurisdiction fails for several reasons. First, CERCLA, of which § 9658 is a part, neither preempts the state toxic tort actions brought by Plaintiffs nor creates a federal cause of action for such relief. *See* 42 U.S.C. § 9658(a)(1) and (2) (establishing that state tort law is generally applicable to actions for personal injury or property damages which are caused by the release of a hazardous substance, pollutant or contaminant into the environment). Insofar as New York's statutes of limitations in personal injury actions based on exposure to toxic substances may be measured from the discovered of the cause of the injury provided the cause of the injury is discovery within five years of the discovery of the injury, N.Y. Civ.Prac. L. & R. § 214–c(4), § 9658 is of limited preemptive effect as it operates only to remove the five year limitation between the discovery of the injury and its cause. Additionally, CERCLA's legislative history clearly indicates that Congress found, based on the Study Group Report, that an amendment to provide for a federal cause of action for personal injury and property damage was not necessary as existing state laws were sufficient so long as the applicable statute of limitations was measured from the FRCD. 131 Cong. Rec. H11, 547–01 (daily ed., Dec. 10, 1985) (statement of Rep. Breaux). Accordingly, Plaintiffs' claims, as stated in their well-pleaded complaints, arise exclusively under New York law.

Second, no essential element of Plaintiffs' claims depends on a resolution of federal law. That it is Defendants who have challenged the constitutionality, applicability and scope of § 9658 is significant as consistent Supreme Court authority holds that the constitutionality of a federal statute confers federal question jurisdiction only when it is directly presented as a question on which resolution of Plaintiffs' claim will be determined. *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 201, 41 S.Ct. 243, 65 L.Ed. 577 (1921) ("It is ... apparent that the controversy concerns the constitutional validity of an act of Congress which is directly drawn in question. The decision depends upon the determination of this issue."); *compare Moore v. Chesapeake & Ohio R. Co.,* 291 U.S. 205, 216–17, 54 S.Ct. 402, 78 L.Ed. 755 (1934) (finding no subject matter jurisdiction existed where the violation of a federal standard which was an element of state tort recovery did not fundamentally change the state tort nature of the action). The date that the cause of the injury was, or reasonably should have been, discovered is the real issue in dispute whenever § 9658 is alleged and that determination does not depend on whether the § 9658 is constitutional or even applicable. A substantial question of federal law based on § 9658 therefore exists only insofar as Defendants have challenged its constitutionality, applicability and scope. As such, Plaintiffs' right to relief based on their toxic tort claims does not necessarily depend on resolution of federal law. *Franchise Tax Board, supra.* at 27–28, 103 S.Ct. 2841.

Third, Plaintiffs' assertion of the potential relevance of § 9658 is, at most, a possible "defense" to a defense and, as such, cannot provide federal question jurisdiction.[3] As discussed, it is Defendants who

---

**3.** Defendants also assert that Plaintiffs may not rely on the fact that they have pleaded

§ 9658 only in anticipation of a defense as Plaintiffs were required under Fed.R.Civ.P.

have interjected the constitutionality, applicability and scope of § 9658 as issues into *Weigel* and *Moore,* and is insufficient to confer jurisdiction in this court based on the presence of a federal question. *Merrell Dow, supra,* at 808, 106 S.Ct. 3229 ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). Plaintiffs' pleading of § 9658 is therefore irrelevant to the issue of removal jurisdiction and Defendants' contention that such pleading establishes removal jurisdiction is without merit.[4]

■ Nor is there any merit to Defendants' argument that the applicability of § 9658 to Plaintiffs' claims present novel questions requiring construction in federal court. Defendants' Memorandum of Law Opposing Remand of *Weigel* and *Moore,* at 4, 20. The presence of a novel federal issue in a state claim is not sufficient to find that a particular claim arises under federal law. *Merrell Dow, supra,* at 817, 106 S.Ct. 3229. Further, Defendant's concern that § 9658 receive uniform interpretation is not dispositive as even though the federal district court is without original jurisdiction over a specific claim, the Supreme Court retains appellate jurisdiction over any claim of federal pre-emption. *Merrell Dow, supra,* at 816, n. 14, 106 S.Ct. 3229; *Franchise Tax Board, supra,* at 12, n. 12, 103 S.Ct. 2841; *Moore v. Chesapeake & Ohio R. Co.,* 291 U.S. 205, 214–15, 54 S.Ct. 402, 78 L.Ed. 755 (1934).

Accordingly, as there is no federal question raised on the face of Plaintiffs' well-pleaded complaints, and as Plaintiffs' negligence claims fairly arise, if at all, solely under state law, Plaintiffs' motions to remand *Weigel* and *Moore* based on lack of subject matter jurisdiction are GRANTED.

### 3. *Award of Costs and Attorney Fees*

■ Plaintiffs have also requested the court award costs and attorney fees incurred in connection with their motions to remand for lack of subject matter jurisdiction. Upon remanding a case to state court, 28 U.S.C. § 1447(c) provides that the court may order the removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1447(c), courts have "a great deal of discretion and flexibility ... in fashioning awards of costs and fees." *Morgan Guaranty Trust Co. v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992). Also, neither a finding of bad faith nor improvident removal is required before the court may make such an award. *Morgan Guaranty Trust Co., supra.*

■ There is, in the instant case, an arguable basis on which to award Plaintiffs the costs of the motions to remand as the court has found all Defendants' arguments in support of removal based on the presence of a federal question are without merit. However, given the novelty of the issue presented, the court finds that an award of costs and fees is not warranted. As such, Plaintiffs' request for an award of costs and attorney fees pursuant to 28 U.S.C. § 1447(c) is DENIED.

### CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand based on failure to join (Docket Item Number 444) is DENIED; Plaintiffs' motions to remand based on lack

9(f) to plead the FRCD as the timeliness of their claims depends on it. It is basic, however, that assertions in a pleading to comply with procedural rules do not create jurisdiction.

4. Defendants also make much of the fact that Plaintiffs assert the FRCD as a basis for federal jurisdiction in their earlier complaints. Defendants' Memorandum of Law Opposing Remand of *Weigel* and *Moore,* at 17. As the parties do not dispute that diversity jurisdiction was alleged as the primary basis for subject matter jurisdiction is present in those cases, however, it is irrelevant that Plaintiffs may have also alleged "jurisdiction" based on a federal question. The constitutionality, applicability and scope of § 9658 are issues plainly related, if at all, to a defense.

of subject matter jurisdiction (Docket Items Numbers 479 and 482) are GRANTED; and Plaintiffs' requests for attorney fees (Docket Items Numbers 479 and 482) are DENIED.

SO ORDERED.